**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4980**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

COURTNEY SIRRON PHIFER, a/k/a Cort,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:05-cr-00009-RLV)

─────────────

Submitted:  April 14, 2008           Decided:  April 25, 2008

─────────────

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Christopher A. Beechler, Winston-Salem, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Courtney Sirron Phifer pled guilty, without the benefit of a plea agreement, to one count of conspiracy to possess with intent to distribute cocaine, cocaine base and marijuana, in violation of 21 U.S.C. § 846 (2000). Phifer's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating his conclusion that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in imposing a sentence of 120 months' imprisonment. Phifer was notified of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a responsive brief. Finding no error, we affirm.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491

- 2 -

F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

Our review of the record reveals no procedural or substantive error with respect to Phifer's sentence. Phifer's 120-month sentence was below the applicable guidelines range and is the statutory minimum sentence applicable to his offense. We therefore conclude that the district court did not abuse its discretion in imposing the sentence.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Phifer requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Phifer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED